MOSK, J., Acting C. J.
I concur in the result.
The relevant statute provides that premarital agreements may concern any subject that does not violate public policy or a statute imposing a criminal penalty. (Fam. Code, § 1612, subd. (a)(7).) When a statute’s words are “clear and unambiguous our inquiry ends. There is no need for judicial construction and a court may not indulge in it.” (Diamond Multimedia Systems, Inc. v. Superior Court (1999) 19 Cal.4th 1036, 1047 [80 Cal.Rptr.2d 828, 968 P.2d 539].) That is true here. Any lingering question whether the Legislature intended to omit premarital spousal support agreements from the scope of Family Code section 1612 is dispelled by subdivision (b), which prohibits premarital agreements to waive or reduce child support. Had the Legislature desired to prohibit spousal support agreements, it could have added a few words similar to those of subdivision (b).
Clearly, the parties did not conspire to violate the criminal law. The only question is whether their premarital agreement violated public policy. I agree with the majority that it did not.